UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

EUGENE OKECHUKWU AGINA,          *

       Plaintiff,             *

   -vs-                          *  CIVIL ACTION NO. _____

UNITED STATES OF AMERICA;        *
MASSACHUSETTS MEMORIAL CENTER:   05-10402
DR. JEROME PHILBIN, DR. AMBER
RANDALL, DR. THOMAS VARNEY,         JURY TRIAL DEMANDED
DR. R. NEWLAND, AND DR. C. HOWARD,  * Referred to MJ JL Alexander

       Defendants.            *

## COMPLAINT

1. On June 16, 2003, Plaintiff was operated on to correct his left hip perthes disease, post-hip arthroplasty. The result of such a surgery left Plaintiff with no hip rotation and the leg approximately ½ inches longer than the right leg. Because of the mishap in the surgery procedure, Plaintiff has had to endure constant pain, and have problem walking, sitting and doing just about anything.

## JURISDICTION OF THIS COURT

2. This Court has subjet matter jurisdiction over this case pursuant to 28 U.S.C., §§1331 and 1332, and pendent state jurisdiction over medical malpractice. Furthermore, because this case is proceeding pro se, this Court is urged to notice any jurisdiction it has over a case such as this even if it is not listed here. See Haines v. Kerner, 404 U.S. 519(1972).

-1-

## VENUE

3. This Court is the proper venue due to the fact that the defendant do business in this Court's territorial jurisdiction, and the events leading up to this action took place here.

## PARTIES

4. Plaintiff was a federal prisoner now in the custody of the United States Immigration, at 20 Bradston Street, Boston, Ma 02118. The Attorney General represents the United States the defendant. Defendants Dr. Philbin, Dr. randall, and Dr. Varney, all do business at the U. Mass. Memorial Hospital, Leomaster, Mass. 01432. Dr. R. Newland and Dr. C. Howard, both do business at FMC Devens, P.O.Box 880, Ayers, Ma 01432.

## FIRST CAUSE OF ACTION

5. Plaintiff complained to the Bureau of Prisons, via a tort claim, that his hip surgery was not successful as he continues to have difficulty walking, sitting down, and doing just about anything. Such complaint, however, was met with callous recommendation that further review time was needed for thebone to mature. When the amount ot time given for the alleged bone maturity came and passed with no improvement in Plaintiff's condition, Plaintiff moved again under his complaint for relief, for a reconsideration of his previous complaint.

6. The Bureau of Prison now responded in a note dated November 17, 2004, no longer following its earlier position that the bone needed maturity, instead, suggested that Plaintiff sue

the Immigration authorities, whereas the surgery did not occur in the custody of the INS.

7. The Bureau of Prison's, a fortiori, the United States, was responsible for Plaintiff's well being, and the failed surgery is imputed upon them, thus the consequences.

8. The named doctors who performed the surgery(including the ones who assisted) are all liable to the Plaintiff for their medical errors in the failed surgery.

RELIEF SOUGHT

(. Plaintiff seeks compensation in the amount of ten million dollars ($10,000,000) from the defendants, for the pain and suffering Plaintiff is enduring everyday since the butched surgery, which as it stands now, has no end in sight.

WHEREFORE, Plaintiff respectfully prays.

Respectfully Submitted:

*[signature]*
Eugune Okechukwu Agina, Pro Se
Plaintiff

Dated: 27 day of January , 2005