UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EUGENE OKECHUKWU AGINA,  )  <br>     Plaintiff, ) <br> ) <br> v.   ) <br> ) <br> UNITED STATES OF AMERICA,   ) <br> MASSACHUSETTS MEMORIAL CENTER, ) <br> DR. JEROME PHILBIN, DR. AMBER   ) <br> RANDALL, DR. THOMAS VARNEY,   ) <br> DR. R. NEWLAND, AND DR. C. HOWARD, ) <br>     Defendants.   ) | C.A. No. 05-10402-JLT |

## MEMORANDUM AND ORDER

For the reasons stated below this action shall be dismissed in forty-two (42) days unless Plaintiff either pays the $250.00 filing fee for civil actions, or in the alternative, files a completed Application to Proceed Without Prepayment of Fees and Affidavit demonstrating that he lacks sufficient funds to pay the filing fee. Plaintiff is also directed within that forty-two (42) day time period, to show cause in writing, why this action should not be dismissed for the reasons stated herein. Plaintiff is advised that failure to comply with this Order will result in dismissal of this action.

## BACKGROUND

On February 22, 2005, Plaintiff Eugene Okechukwu Agina, an immigration detainee in custody at the Suffolk County Jail in Boston, MA, filed his self prepared civil action stemming from alleged medical malpractice of various doctors in connection with surgery on June 16, 2003, "to correct his left hip perthes disease, post-hip arthroplasty." (Complaint, ¶1). Plaintiff contends that the "butched surgery" [sic] left him with no hip rotation and his left leg about ½ inch longer than his right leg, which has resulted in constant pain, difficulties in walking, sitting and performing most of life's activities.

(Complaint, ¶¶1 and Prayer for Relief). It is not entirely clear from the complaint, but it appears that Plaintiff was a prisoner at the time the surgery was performed, and that the surgery was arranged or authorized by the prison. Plaintiff names as defendants the United States (alleged to be the entity responsible for the Bureau of Prisons), and the doctors who performed or assisted the surgery. Plaintiff also names Massachusetts Memorial Center as a defendant, but does not make any allegations specifically against this entity in the body of the complaint. He claims that the defendant Doctors Philbin, Randall and Varney "do business at the U. Mass. Memorial Hospital" in Leominster, MA, and that Doctors Newland and Howard do business at FMC Devens.

Plaintiff alleges that he complained to the Bureau of Prisons (via a tort claim) about the unsuccessful hip surgery, and his complaint "was met with callous recommendation that further review time was needed for the bone to mature." (Complaint, ¶5). After that time period had expired, Plaintiff renewed his complaint, and was advised by the Bureau of Prisons on November 17, 2004 that he should "sue the Immigration authorities." (Complaint, ¶6). Plaintiff contends the surgery did not occur while he was in the custody of the INS. (Complaint, ¶6). He claims that the doctors are liable "for their medical errors" in the failed surgery, and seeks $10 million dollars in damages for pain and suffering. (Complaint, ¶¶6, 7).

Plaintiff did not pay the $250.00 filing fee or submit an Application to waive the fee and proceed *in forma pauperis*.

DISCUSSION

I.      <u>Plaintiff must either pay the filing fee or submit an Application to Proceed Without Prepayment of Fees and Affidavit</u>.

2

A plaintiff filing a civil action in this Court must either (1) pay the $250.00 filing fee for such action or (2) file an Application to proceed *in forma pauperis* demonstrating that he is without sufficient funds to pay the filing fee. Prisoner plaintiffs must also file a certified prison account statement along with the application[1]. See 28 U.S.C. §1914 (filing fee); §1915 (proceedings *in forma pauperis*). Because Plaintiff is an immigration detainee and is not a "prisoner" as defined in §1915(h), he is relieved from the requirement to submit any prison account statement. However, he may not proceed with this action unless he either pays the fee or files a completed Application to proceed *in forma pauperis* listing all of his assets and income and signed under the pains and penalties of perjury. Plaintiff shall be permitted to file a completed Application to Proceed Without Prepayment of Fees within forty-two (42) days of this Order, and the clerk is directed to provide a blank Application form to Plaintiff, along with a copy of this Order[2].

If Plaintiff submits the filing fee in its entirety, or if he files a completed Application to proceed *in forma pauperis*, he is also directed to demonstrate good cause, within forty-two (42) days, why this

---

[1] Habeas petitioners are also required to submit a current prison account statement under Rule 3 of the Rules Governing Habeas Corpus Cases Under Section 2254 (applicable to other habeas petitions).

[2] Because Plaintiff has not sought *in forma pauperis* status at this juncture, this case is not subject to a preliminary screening under 28 U.S.C. §1915, and because he is not a prisoner, his claims are not subject to screening under §1914A. Section 1915 (e)(1) authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §1915(e)(2). Plaintiff is advised that *in forma pauperis* complaints may be dismissed *sua sponte* and without notice under §1915 if the claim is based on an indisputably meritless legal theory or factual allegations that are clearly baseless. Id.; Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

action should not be dismissed for the reasons stated herein. If plaintiff fails to submit a new application or to pay the filing fee, this action shall be dismissed without prejudice.      III. <u>Plaintiff's Complaint fails to establish jurisdiction of this Court</u>

In order for this Court to review Plaintiff's claims, it must either have (1) federal question or (2) diversity subject-matter jurisdiction. <u>See</u> 28 U.S.C. §1331 (federal question jurisdiction); 28 U.S.C. § 1332 (diversity jurisdiction); <u>In re Recticel Foam Corp.</u>, 859 F.2d 1000, 1002 (1st Cir. 1988) (court has an obligation to inquire *sua sponte* whether subject-matter jurisdiction exists and to proceed no further if such jurisdiction is lacking). This Court may also exercise jurisdiction over pendent state claims, although such exercise is a matter of discretion. <u>See</u>  28 U.S.C. §1367(a).

Here, construing his pleadings generously, <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972), there are jurisdictional defects which subject this case to dismissal.

    A.    <u>Diversity Jurisdiction under §1332.</u>

District courts have original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). However, diversity must be complete: the citizenship of each plaintiff must be shown to be diverse from that of each defendant. <u>Owen Equip. & Erection Co. v. Kroger</u>, 437 U.S. 365, 373-74 (1978).

Here, although Plaintiff alleges jurisdiction is also brought pursuant to §1332, he provides no factual support to show that diversity of citizenship exists. Plaintiff merely alleges that the defendant doctors "do business" in Massachusetts, but does not provide any further details to show diversity, and the Court cannot consider this as a basis for subject matter jurisdiction on this complaint.

    B.    <u>Federal Question jurisdiction under §1331.</u>

Federal district courts have original jurisdiction over "federal question" cases, that is, civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331; Viqueira v. First Bank, 140 F.3d 12, 17 (1st Cir. 1998). Generally, a claim arises under federal law within the meaning of §1331 if a federal cause of action emerges from the face of a well-pleaded complaint. See City of Chicago v. International College of Surgeons, 522 U.S. 156, 163 (1997). The well-pleaded complaint rule restricts the exercise of federal question jurisdiction to instances in which a federal claim is made manifest within the four corners of the plaintiff's complaint. Viqueira, 140 F.3d at 17.

Although Plaintiff does not expressly assert a federal claim in accordance with the pleading requirement, the Court affords a generous reading of the complaint for the purposes of determining whether to dismiss this action. At this juncture, the Court will consider Plaintiff's claims as invoking federal question jurisdiction in the §1331 context, inasmuch as he appears to allege an Eighth Amendment/Bivens[3] civil rights violation under 42 U.S.C. §1983, for deliberate indifference to his serious medical needs. Notwithstanding the assertion of a Bivens action, there still remains several problems with the complaint.

    1.    <u>Claims against the United States</u>

It is well-settled that the United States can be sued only to the extent that it has waived its sovereign immunity. United States v. Testan, 424 U.S. 392 (1976). Under the doctrine of sovereign

---

[3] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) (establishing cause of action enabling plaintiff to seek judicial relief against federal officers who allegedly violate constitutional rights).

immunity, the United States (through its various branches and departments) enjoys immunity from suit except in those instances in which it has expressly consented to be sued.

A waiver of this immunity may never be implied from the factual circumstances of the particular case. Rather, the waiver must be unequivocally expressed in each instance. See United States v. Nordic Village, Inc., 503 U.S. 30, 33-34 (1992); United States v. Mitchell, 445 U.S. 535, 538, (1980). Plaintiff has failed to advance any basis for concluding the United States has made the requisite waiver of governmental immunity with respect to any Bivens/§1983 claim arising from his surgery.

The United States has waived its sovereign immunity for certain common law torts under the Federal Tort Claims Act, 28 U.S.C. §1436(a), §2671 et seq. (the "FTCA"), including a waiver of immunity with respect to negligent or wrongful acts of federal employees[4], see McNeil v. United States, 508 U.S. 106, 111-13 (1993). However, even if this Court were to consider that Plaintiff's action for malpractice could be brought under the FTCA, it is inapplicable to the present case. Application of the statute is not triggered in the absence of an allegation that an administrative claim has been presented in accordance with 28 U.S.C. §2675[5].

---

[4]The FTCA contains a general waiver of sovereign immunity. See 28 U.S.C. §§1346(b), 2674. Section 1346(b) directs that "the district courts ... shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government...." 28 U.S.C. §1346(b) (emphasis added).

[5]Section 2675 provides in relevant part, that:
[A]n action shall not be instituted upon a claim against the United States for money damages for injury ... caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. See 28 U.S.C. §2675(a). The failure to allege presentation is fatal

Because the FTCA waives sovereign immunity, the notice of claim required to be filed in order to begin the administrative review must be strictly construed.  See  Keene Corp. v. United States, 700 F.2d 836, 841 (2d Cir.1983);  Byrne v. United States, 804 F. Supp. 577, 579 (S.D.N.Y.1992). Plaintiff has the burden to establish that he has filed such a claim.  DiLorenzo v. United States, 496 F. Supp. 79, 84 (S.D.N.Y.1980).   In order to discharge this burden, plaintiff must allege in the complaint circumstances indicating the presentation of the administrative claim to, and final disposition of the claim by, the appropriate federal agency.  In re Agent Orange Product Liability Litigation, 818 F.2d 210, 214 (2d Cir.1987);  Altman v. Connally, 456 F.2d 1114, 1116 (2d Cir.1972).   The claim presented to the agency must provide "sufficient information both to permit an investigation and to estimate the claim's worth."  Keene Corp. v. United States, 700 F.2d at 842.   Because plaintiff fails to allege anywhere in the complaint that he has complied with the FTCA's administrative claim requirement, this Court would lack subject matter jurisdiction over any common law tort claims that plaintiff might have against the United States or its agencies.

In light of the above, this Court lacks subject matter jurisdiction over the claims against the United States.

### 2. Claims against Massachusetts Memorial Center

Although Plaintiff names Massachusetts Memorial Center as a defendant, he does not make

---

to a plaintiff's complaint.  See, e.g., United States v. Kubrick, 444 U.S. 111, 113 (1979) (action brought against the United States under the FTCA must be dismissed if a plaintiff has failed to file a timely administrative claim with the appropriate federal agency); accord Gonzalez-Bernal v. United States, 907 F.2d 246, 248 (1st Cir. 1990) (same).  If a claimant fails to comply with this requirement, his claim is "forever barred." 28 U.S.C. §2401(b).

any allegations specifically against this entity in the body of the complaint. He merely claims that the defendants conduct business at the "U. Mass. Memorial Hospital." Accordingly, because Plaintiff has not pled any cause of action whatsoever against this entity, there is no basis for subject matter jurisdiction.[6]

### 3. Claims against defendant doctors

Even under a generous reading of the complaint, crediting all Plaintiff's allegations as true and making reasonable inferences from them in his favor, Plaintiff has not provided any factual support to make out a Bivens/§1983 claim, and thus has not met the sufficiency requirement to subject matter jurisdiction.[7] Because the deficiencies in the complaint also raise an issue whether this action may

---

[6] Additionally, to the extent that the medical facility is a state entity, there would appear to be no subject matter jurisdiction because an agency of the Commonwealth is entitled to Eleventh Amendment immunity from suit in this Court. Moreover, Plaintiff does not allege that the facility is not an alter ego of the Commonwealth of Massachusetts for Eleventh Amendment sovereign immunity purposes, or that Eleventh Amendment immunity has been waived under these circumstances. See, e.g., Varlaarhoven v. Newman, 564 F. Supp. 145 (D.R.I. 1983)(Selya, J.). Conversely, to the extent that the medical facility is not a state entity, then there is no governmental action or action under color of state law, which would give rise to a §1983 claim. Finally, even if there was governmental action, Plaintiff could not sustain a §1983 claim against the medical facility based on the alleged wrongful actions of its employee doctors; such claim would ultimately be subject to dismissal since liability under §1983 is direct and not vicarious. See, e.g., Pinto v. Nettleship, 737 F.2d 130, 132 (1st Cir. 1984) (no *respondeat superior* liability under §1983; liability can only be imposed upon officials who were involved personally in the deprivation of constitutional rights); accord Guzman v. City of Cranston, 812 F.2d 24, 26 (1st Cir. 1987) (same); Rodriguez-Vazquez v. Cintron-Rodriguez, 160 F. Supp. 2d 204, 210-213 (D. P.R. 2001).

[7] The First Circuit, in considering a motion to dismiss for lack of subject matter jurisdiction has used the "sufficiency challenge" method, which "accepts the plaintiff's version of jurisdictionally-significant facts as true and addresses their sufficiency, thus requiring the court to assess whether the plaintiff has propounded an adequate basis for subject-matter jurisdiction." Valentin v. Hosp. Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001).

subsequently be dismissed for failure to state a claim upon which relief could be granted, both matters will be addressed together here.

In the prison context, when an inmate (or in this case former inmate) alleges that prison officials[8] violated his Eighth Amendment rights, the inmate "must prove that the defendants' actions amounted to "deliberate indifference to a serious medical need."" DesRosiers v. Moran, 949 F.2d 15, 18 (1st Cir. 1991) citing Estelle v. Gamble, 429 U.S. 97, 106 (1976); See also Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference has been defined as "conduct that offends evolving standards of decency in a civilized society." DesRosiers, 949 F.2d at 18, citing Rhodes v. Chapman, 452 U.S. 337, 347 (1981), Estelle, 429 U.S. at 102-03. In evaluating whether a deprivation constitutes "deliberate indifference," courts have looked to both objective and subjective components. See, Id. Objectively, there needs to be a "serious" deprivation. Subjectively, the deprivation must have been "brought about in wanton disregard of the inmate's rights." Id. citing Wilson v. Seiter, 501 U.S. 294 (1991). In evaluating the quality of medical care in prison, practical constraints facing prison officials must be considered. DesRosiers, 949 F.2d at 19. "...[I]nadvertent failures to provide medical care, even if negligent, do not sink to the level of deliberate indifference." Id. citing Whitley v. Albers, 475 U.S. 312, 319 (1986) (other citations omitted).

A "serious" medical need is one which involves a substantial risk of serious harm if it is not

---

[8]While the Defendant doctors connection with the prison is not entirely clear, defendant doctors, who may be private physicians but who are under contract with a prison to provide medical care to inmates, may properly be sued as state actors under §1983. Brown v. Ionescu, 2004 WL 2101962, at *3 (S.D.N.Y. September 21, 2004), citing West v. Atkins, 482 U.S. 42 (1988).

adequately treated. Kosilek v. Maloney, 221 F. Supp. 2d 156, 160 (D. Mass. 2002). Typically, it is a need that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Gaudreault v. Municipality of Salem, 923 F.2d 203, 208 (1st Cir. 1990).

Even reasonably inferring that Plaintiff has alleged a "serious medical need," he has nevertheless failed to plead sufficient facts from which "deliberate indifference" on the part of the defendants can be inferred. A showing of deliberate indifference requires more than mere inadvertent, negligent, or even grossly negligent failure to provide medical care. See Farmer, 511 U.S. at 835. Such failures do not rise to the level of an Eighth Amendment violation. Estelle, 429 U.S. at 105. An inmate is not entitled to the care of his choice. Courts must defer to the decisions of prison officials concerning what form of adequate care to provide an inmate but must still determine if the care being provided is minimally adequate. See Kosilek, 221 F. Supp. 2d at 160-161.

Thus, under this standard, Plaintiff's allegations against the defendant doctors for "failed surgery", "medical errors" "butched" [sic] surgery and "callous recommendation that further review time was needed for the bone to mature" appear to, at most, set forth a medical malpractice claim, and not a Bivens/§1983 claim for deliberate indifference, even allowing for all reasonable inferences in favor of Plaintiff. A Bivens claim based on medical care must allege more than medical malpractice. See, e.g., Estelle , 429 U.S. at 106 (disagreements between prisoners and doctors about the proper course of a prisoner's medical treatment or simple medical malpractice do not rise to the level of cruel and unusual punishment); DesRosiers, 949 F.2d at 19 (same); Ferranti v. Moran, 618 F.2d 888, 891 (1st Cir. 1980) (dismissing for failure to state a claim where party's challenge to medical care focused upon

10

the quality and source of the medical treatment received**).**

In light of the above, these claims are subject to dismissal for lack of jurisdiction (as well as the failure to state a claim upon which relief may be granted).

    C.    <u>Supplemental Jurisdiction</u>

Plaintiff is also requesting the Court exercise jurisdiction over his state medical malpractice claims. As noted previously, exercise of supplemental jurisdiction is discretionary, and this Court declines to exercise such discretion under circumstances where there is no independent basis for subject matter jurisdiction.

CONCLUSION

Based on the foregoing, it is hereby ORDERED:

1. This action shall be dismissed in forty-two (42) days unless Plaintiff either pays the $250.00 filing fee for civil actions, or in the alternative, files a completed Application to Proceed Without Prepayment of Fees and Affidavit demonstrating that he lacks sufficient funds to pay the filing fee.

2. Plaintiff is also directed within that forty-two (42) day time period, to show cause in writing, why this action should not be dismissed for the reasons stated herein. Plaintiff is advised that failure to comply with this Order will result in dismissal of this action.

SO ORDERED.

Dated: 3/21/05

/s/ Joseph L. Tauro
JOSEPH L. TAURO
UNITED STATES DISTRICT JUDGE